**DONGYING YU, Petitioner,**

v.

**United States DEPARTMENT OF HOMELAND SECURITY, Board of Immigration Appeals, Attorney General Eric H. Holder Jr.,\* Respondents.**

No. 08–4874–ag.

United States Court of Appeals, Second Circuit.

June 23, 2009.

Dongying Yu, Flushing, NY, Pro Se.

Tony West, Assistant Attorney General, Civil Division, James A. Hunolt, Senior Litigation Counsel, Nicole N. Murley, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Dongying Yu, a native and citizen of the People's Republic of China, seeks review of a September 5, 2008 order of the BIA affirming the December 7, 2006 decision of Immigration Judge ("IJ") Joanna Miller Bukszpan pretermitting Yu's application for asylum and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Dongying Yu*, No. A095 179 647 (B.I.A. Sept. 5, 2008), *aff'g* No. A095 179 647 (Immig. Ct. N.Y. City Dec. 7, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA adopts and supplements the decision of the IJ, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). Because Yu appears *pro se* before this Court, we construe his arguments broadly so as to raise "the strongest arguments that they suggest." *See Weixel v. Bd. of Educ.*, 287 F.3d 138, 145–46 (2d Cir.2002).

Because Yu does not challenge the agency's pretermission of his asylum application in his brief to this Court, we deem any such argument abandoned. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). We therefore proceed to consider only the agency's denial of Yu's application for withholding of removal and CAT relief.

We conclude that the agency's adverse credibility determination is supported by substantial evidence. Although Yu initially testified that he was arrested on May 31, 2001, he changed his testimony when confronted with his asylum application, which asserts that he was arrested on May 13, to conform with that application. After it was revealed that the asylum application contained a translation error and should have stated that the arrest occurred on May 31, Yu again changed his testimony to indicate that May 31 was the correct date of his arrest.

As the IJ found, Yu's assertion that he was arrested on May 31, 2001, was inconsistent with a Diagnosis Certificate in the record, which was dated May 22, 2001, and indicated that he was injured due to a beating he received while in detention. Similarly, the document indicating that Yu had been terminated from his job because of his arrest was inconsistent with his testimony, as that document was also dated May 22, 2001. As the IJ found, if the arrest did indeed occur on May 31, these documents would have been issued before the event actually occurred. Additionally, both the IJ and the BIA correctly noted

that a letter from Yu's wife states that he was arrested in 1999, and not in 2001, as Yu testified. When confronted with these inconsistencies, Yu surmised that the wrong dates may have been written on the documents he submitted. This was not a compelling explanation that the agency was required to credit. *See, e.g., Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

Both the IJ and the BIA correctly noted that while Yu testified that he suffered severe dental injuries and that he was subjected to electric shock during his detention, he failed to include those assertions in his asylum application. Yu failed to provide a compelling explanation for these omissions. *See id.*

The inconsistencies the agency identified go to the heart of Yu's claimed fear of persecution as they call into doubt whether the arrest ever occurred at all. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003). They therefore provide substantial evidence for the IJ's adverse credibility determination. *See Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000). And because the only evidence of a threat to Yu's life or freedom depended upon his credibility, the adverse credibility determination by the IJ necessarily precludes success on his claims for withholding of removal and CAT relief, where both claims were based on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Yu argues that he did not receive a fair hearing, apparently because of a poor interpreter at his hearing and mis-translation of documents submitted to the IJ, none of which he had the opportunity to clarify. These arguments are meritless. The BIA properly found that nothing in the record indicated that the interpretation at his hearing was flawed. Moreover, a translation error in Yu's asylum application fails to account for the inconsistencies in the other documents he submitted.

For the foregoing reasons, the petition for review is DENIED.